# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2585 | **DATE** | 8/13/2002 |
| **CASE TITLE** | Peltzer vs. Life Ins. Co. of NA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to compel for other relief pursuant to FRCP 37(a) [23-1] is denied. Status hearing set for 9/10/02 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | AUG 13 2002 | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | 31 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | 8/13/2002 date mailed notice |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA M. PELTZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 2585 |
| v. ) | |
| ) | Hon. John A. Nordberg |
| LIFE INSURANCE COMPANY OF ) | Mag. Judge Mason |
| NORTH AMERICA, a subsidiary of ) | |
| CIGNA CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED

AUG 1 3 2002

Michael T. Mason, United States Magistrate Judge:

The plaintiff in this action under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), Donna Peltzer, has brought a motion to compel the defendant, Life Insurance Company of North America ("LINA") to produce certain individuals for deposition. LINA has refused, arguing that in an ERISA action such as this one – challenging a decision that an employee is not entitled to benefits – judicial review is limited to the administrative record, and outside discovery such as depositions is not allowed. For the following reasons, we deny the plaintiff's motion.

Peltzer was denied long-term disability ("LTD") benefits under an employee benefits plan in which she participated through her employer. A LINA employee reviewed Peltzer's medical file and made the ultimate decision to deny benefits. LINA contends that the ERISA plan at issue grants it discretion to determine whether benefits under the plan are payable, and thus, the plaintiff can prevail in this action only if she establishes that LINA's actions were arbitrary and capricious. *See Firestone Tire and Rubber Co. v. Bruch*, 489

31

U.S. 101, 114-115 (1989). Further, it argues that because the arbitrary and capricious standard governs this action, our review is limited to that material Peltzer submitted in support of her application for benefits. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 980 (7th Cir. 2000). Thus, plaintiff should not be allowed to depose the employees who made the decision to deny her claim.

Peltzer argues that the LINA policy in affect when she first filed her claim in January, 2000 did not contain the discretionary language on which LINA relies, and thus the arbitrary and capricious standard of review does not apply in her case. A review of the LINA policy reveals that it contains fourteen consecutively numbered pages of the plan description, and then continues – on numbered pages fifteen through seventeen – to provide supplemental information required by ERISA. It is this supplemental section that contains the language giving LINA discretion to decide claims. After page seventeen of the supplement, there is a final page which states "Underwritten by: Life Insurance Company of North America, a CIGNA Company." This page does not have a page number, and at the bottom, it has a footer that says "6/2000". Peltzer argues that the LINA plan she was given in January, 2000 (the effective date of the policy) only contained the first fourteen pages, and that the "6/2000" at the bottom of the last page of the current plan proves that the supplement was not added until June, 2000. Since the plan in place when she filed her claim did not contain the discretionary language, she argues it does not apply.

LINA contests both Peltzer's argument that the supplement was added in June, 2000 and her contention that the arbitrary and capricious standard does not apply in this case. First, LINA argues that since the supplement to the plan is consecutively numbered with the rest of the document, it must have taken effect in January, 2000 as well, and that

2

Peltzer has no evidence to show that the page with the "6/2000" notation is at all related. Quite frankly, neither party's argument regarding the effective date of the supplement is persuasive. The fact is, we cannot tell from the documents submitted to us whether the supplement was included in the plan as of January, 2000, or in June, 2000, or at some other time. And if our decision in this case relied on this fact, we would allow Peltzer to take discovery regarding the supplement's effective date. However, LINA has a second argument, which carries the day.

LINA next argues that, even if the supplement did not become effective until June, 2000, Peltzer's ERISA claim did not accrue until she received the final denial of her benefits, in November, 2000, and that the plan in effect on the date of accrual governs this action. It is true that a cause of action for denial of benefits under ERISA accrues when the benefits are denied, *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 65 (7th Cir. 1996), and the plan in effect on the date of denial governs the action. *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 177 F.Supp.2d 803, 813 (N.D.Ill. 2001). However, the circuits are divided about whether the relevant date is the initial denial – which in Peltzer's case was in April, 2000 – or the final denial after exhaustion of administrative appeals. *See, e.g., Salcedo v. John Hancock Mutual Life Insurance Co.*, 38 F.Supp.2d 37, 42-43 (D.Mass. 1998). If Peltzer's claim accrued in April, 2000, there would be a question of fact about when the plan documents first included the supplement and we would order discovery on the issue. Although the Seventh Circuit has not spoken directly on this issue, it has held that a "participant's cause of action to enforce rights under a pension plan accrues upon a `clear and continuing repudiation of his claim.'" *Daill*, 100 F.3d at 66, *citing Martin v. Construction Laborer's Pension Trust*, 947 F.2d 1381, 1385 (9th

Cir. 1991). We find this statement to be consistent with the majority of the circuits, which hold that a cause of action accrues when a claim for benefits is finally denied. *See Salcedo*, 38 F.Supp.2d at 42 (citing cases).

Therefore, Peltzer's claim for denial of ERISA benefits accrued in November, 2000, when her appeal was finally denied, and the plan in place at that time contained the supplement granting LINA discretion. Thus, our review of Peltzer's case is limited to the documents she submitted in support of her claim. Her motion to take additional discovery is denied. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: August 13, 2002